**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIN FENG GUO,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　　Respondent. | No. 08-72261<br><br>Agency No. A097-870-427<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:　　FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

　　Jin Feng Guo, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order summarily affirming an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because the discrepancy between Guo's declaration and his testimony regarding whether he presented a written petition to a government official during the August 15, 2003, protest march goes to the heart of his claim. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007); *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) ("[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the] claim of persecution, we are bound to accept the IJ's adverse credibility finding.") (internal quotation omitted). In the absence of credible testimony, Guo's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Because Guo's CAT claim is based on the testimony the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured if returned to China, his CAT claim also fails. *Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**